### HARRY KOHN v. STATE OF OHIO.

1. STATEMENTS MADE BY ACCUSED RESTRAINED IN PRIVATE OFFICE UNTIL TRUTH TOLD ARE UNDER DURESS.

Statements made by a person suspected of crime, upon his being taken to a private office and questioned for two days and nights in relation to circumstances surrounding the crime, and being repeatedly told that he would be allowed to go if he told the truth, cannot be regarded as voluntary, but they were influenced by fear of further restraint or hope of regaining liberty. Nor are such statements admissions, competent to establish charges against him.

2. CONCLUSION OF WITNESS WITHOUT FACTS SUPPORTING IT HELD PREJUDICIAL.

Admission, in a criminal trial, of the statement of a conclusion by a witness without stating facts upon which such conclusion is established, is prejudicial.

ERROR to common pleas court.

*William Littleford* and *Harry L. Gordon,* for plaintiff in error.

*Henry T. Hunt, Denis F. Cash* and *Coleman Avery,* for defendant in error.

GIFFEN, P. J.

The plaintiff in error, Harry Kohn, was indicted, tried and convicted of unlawfully, wilfully and maliciously setting fire to and burning certain goods with intent to prejudice, damage and defraud certain insurance companies. One of the errors alleged is the admission as evidence of certain testimony given by Kohn before the State Fire Marshal, who was holding an official investigation of the origin and cause of the fire. He was taken by the fire marshal and two of his deputies, under a subpoena, to the Andrews building, in Cincinnati, duly sworn, examined and re-examined at intervals during two days and nights and continued under restraint until released upon writ of habeas corpus. During the examination he was repeat-

edly told by the fire marshal that if he would tell the truth about it (the fire) they would let him go. The evidence is plain that he was suspected of the crime, and he himself so understood it. How then can testimony given under such circumstances be said to be voluntary as it must be to make it admissible? *Spears* v. *State,* 2 Ohio St. 584.

In the case of *Schoeffler* v. *State,* 3 Wis. 823, one proposition of the syllabus is as follows:

"Confessions or statements extorted from a person by duress, or made under circumstances which are equivalent to arrest or duress, or any other circumstances, which show that they are not voluntary, are inadmissible."

The time and manner of detaining Kohn indicated that the fire marshal was not satisfied that he was telling the whole truth, and when he told him that if he would tell the truth about it they would let him go there was an implied threat to restrain him until he did tell the truth, the fire marshal of course being the final arbiter of what was the truth. The statements were evidently induced by fear of being deprived of his liberty or by hope of being released so that he might obtain the advice of his relatives and counsel.

It is said, however, that these statements were not confessions but mere admissions which can not be excluded; but the admissions embraced the preparation of certain fictitious bills of goods presented to the insurance companies as proofs of loss, which fact was conclusive evidence of intent to defraud, the essential element of the crime charged in the second count of the indictment, and of which he was convicted. The prosecutor admits that it was a most damaging admission, and we think its effect was the same as a confession of guilt. The prosecutor says in brief, if all the admissions were eliminated entirely from the record, the fact remains that the Stuhlburg bill was forgery. This does not cure the error, as the accused is entitled to have the jury determine his guilt or innocence upon competent evidence alone, and further shows that zeal for conviction should be subordinate to legal procedure. It was error to admit the statements as evidence and was prejudicial.

Kohn v. State.

One of the witnesses for the state in describing the condition of the rooms after the fire testified as follows:

"Room 3 didn't seem to have any remnants of anything; everything was quite clean. The shelves were scorched, but there didn't seem as if there ever had been any stock on those shelves."

A motion to rule out "there didn't seem;" etc., was overruled and exception taken.

The witness had recited no facts from which the conclusion could be drawn, and if he had, the jury were quite as competent and should have been allowed to draw their own inference. The question of what stock was in the room and whether consumed by fire was vital. Hence the error in overruling the motion to strike out was prejudicial. A like statement and erroneous ruling appear on page 999 of the bill of exceptions. The same objection may be urged against the question: "State whether or not she came back willingly if you know?" put to one witness concerning another who had gone out of the jurisdiction of the court and was returning.

On pages 158 and 845 witnesses were permitted to testify that the fire started in a certain cupboard, although their investigations were made after the fire, and the facts upon which the opinion was based could have been and were partly submitted to the jury.

The answer given at page 845 was objectionable also because not responsive to any question put to the witness.

Counsel says in his brief that there was no evidence that the place was set on fire. Of course there is no direct evidence, but there are circumstances and admissions besides those made before the fire marshal that fully sustain the verdict, and we therefore hesitate in reversing the judgment, but as said by Price, J., in *Geiger* v. *State,* 70 Ohio St. 400 [71 N. E. Rep. 721]: "The law of a fair trial must be upheld."

Many other errors are assigned in the record, but we find none requiring special notice or that would justify a reversal.

Judgment reversed and cause remanded for a new trial.

**Smith** and **Swing, JJ.,** concur.